UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>SAFEE AYUB SALAMA,<br><br>    Defendant.<br>_____/ | CASE NO.   1:11-cv-00145-LJO-MJS<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT<br><br>(Doc. 46) |

I. **INTRODUCTION**

On July 24, 2012, the Court granted summary judgment in favor of the United States and found that Defendant had procured his naturalization illegally. (ECF No. 44.) On July 25, 2012, the Clerk of Court entered judgment pursuant to the order. (ECF No. 45) However, neither the order nor the judgment includes the specific relief sought by the United States in its amended complaint filed June 24, 2011. (ECF No. 15)

Before the Court is Plaintiff's motion to alter or amend the judgment of the Court to include specific relief. (ECF No. 46.) Defendant filed an opposition to the motion on August 27, 2012. The United States filed a reply to the opposition on August 28, 2012. On

-1-

September 11, 2012, the Court vacated the hearing on the motion and took the matter under submission. (ECF No. 49.)

## II. BACKGROUND

On June 24, 2011, the United States filed an amended complaint. In the complaint it requested the following relief: (1) judgment revoking and setting aside the order admitting Defendant to United States citizenship and cancelling his Certificate of Naturalization; (2) judgment restraining and enjoining Defendant from claiming any rights, privileges, or advantages of a United States citizen; (3) judgment requiring Defendant to immediately surrender his Certificate of Naturalization; and (4) any other lawful and proper relief.[1] (ECF No. 15.) The United States again requested the relief in its points and authorities in support of its motion for summary judgment. (ECF No. 34 at 18.)

While the Court granted the motion for summary judgment, neither the Court's order nor the judgment specified the relief ordered. The United States now moves to amend the judgment under Federal Rule of Civil Procedure 59(e) to include said relief.

## III. MOTION TO ALTER OR AMEND JUDGMENT

### A. Legal Standard

The motion to alter or amend the judgment was filed August 17, 2012, twenty-three days after judgment was entered. The motion, filed within the twenty-eight day deadline, is timely.

"Since specific grounds for a motion to amend or alter are not listed in the rule, the

---

[1] It is noted that the amended complaint contains a typographical omission. The word 'aside' was omitted from the request to "revoking and setting the order admitting Salama to United States citizenship."

district court enjoys considerable discretion in granting or denying the motion." Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011) (citing McDowell v. Calderon, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999)). However, amending a judgment after its entry is "an extraordinary remedy which should be used sparingly." Allstate Ins. Co. v. Herron, 634 F.3d at 1111. Furthermore, a motion for reconsideration under Rule 59(e) is properly granted: "(1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." Id.

However, "[a] court considering a Rule 59(e) motion is not limited merely to these four situations, however." Id. A Rule 59(e) amendment may be particularly appropriate where the amendment reflects the purely clerical task of incorporating undisputed facts into the judgment. Id. (citing Molnar v. United Techs. Otis Elevator, 37 F.3d 335, 337-38 (7th Cir. 1994)). This is particularly true when the amendment sought is to have the judgment specifically reflect the relief sought in the complaint. Allstate Ins. Co. v. Herron, 634 F.3d at 1111-12.

**B.    Discussion**

Defendant opposes the motion to amend the judgment on four grounds: (1) that the motion to amend does not fall under one of the four enumerated grounds upon which a Rule 59(e) motion can be granted; (2) that the proposed order for summary judgment provided to the Court by the United States does not contain the requested relief, (3) that the first amended petition contains a typographical error affecting the meaning of the requested relief, and (4) that the Court in granting the summary judgment motion already

provided adequate relief. The Court finds Defendant's contentions unpersuasive.

First, the Ninth Circuit has clearly held that a court is not limited to granting relief only on one of the four enumerated grounds. <u>Allstate Ins. Co. v. Herron</u>, 634 F.3d at 1111. Second, the United States included the requested relief in its first amended complaint and the memorandum of points and authorities in support of the motion for summary judgment. There is no requirement that the relief be stated in the proposed order, and Defendant has not provided any legal authority to support his argument. Third, while the complaint contains a typographical error, elsewhere in the complaint and in the motion for summary judgment the proper language is used and gave Defendant clear notice of the relief requested. Finally, even if granting the summary judgment is a form of relief, the Court is not precluded from providing the moving and prevailing party additional consistent releif.

Accordingly, upon a showing of good cause, the United States' motion to amend or alter the judgment is hereby GRANTED.

## IV.   **CONCLUSION**

For the reasons stated:

1. Plaintiff's motion to alter or amend the judgment is GRANTED.

2. The July 23, 2012 Order is amended to include the following language at the end of the last paragraph on page 26:

> "Accordingly, the order admitting Defendant to United States citizenship is revoked and set aside, and Certificate of Naturalization number 22871805, issued to Defendant, is cancelled. From the date of this order, Defendant is forever restrained and enjoined from claiming any rights, privileges, or advantages under any document evidencing United States citizenship obtained as a result of his naturalization. Defendant shall immediately surrender and deliver his Certificate of Naturalization and any other indicia of United States citizenship (including his United States passport, voter registration card, and any other voting documents) and any copies thereof in his possession, and to make good faith efforts to recover and surrender

any copies thereof that he knows are in the possession of others, to the Secretary of Homeland Security or her designated representative, including counsel for Plaintiff."

IT IS SO ORDERED.

Dated:   September 19, 2012          /s/ *Michael J. Seng*
                                                            UNITED STATES MAGISTRATE JUDGE